Justin Hanassab, Esq. [S.B. #319533]
Steven I. Azizi, Esq. [S.B. #322719]
Caitlyn Handy, Esq. [S.B. # 339017]
**MIRACLE MILE LAW GROUP LLP**
11835 W. Olympic Blvd. Suite 870E
Los Angeles, California 90064
Tel:    (213) 433-3588
Fax:    (888) 224-4132
justin@miraclemilelaw.com
steven@miraclemilelaw.com
chandy@miraclemilelaw.com

Attorneys for Plaintiff,
MICHAEL DE LEON

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DE LEON,<br><br><br>Plaintiff,<br><br>v.<br><br><br>J. M. EQUIPMENT COMPANY, INC., a California corporation; and DOES 1 to 50, inclusive,<br><br>Defendants. | **Case No.:  2:23-cv-00717-KJN**<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>**(1)  DISABILITY DISCRIMINATION IN VIOLATION OF FEHA**<br><br>**(2)  FAILURE TO PROVIDE REASONABLE ACCOMMODATION IN VIOLATION OF FEHA**<br><br>**(3)  FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF FEHA**<br><br>**(4)  DISCRIMINATION ON THE BASIS OF AGE IN VIOLATION OF FEHA**<br><br>**(5)  RETALIATION IN VIOLATION OF FEHA**<br><br>**(6)  FAILURE TO PREVENT DISCRIMINATION, HARASSMENT AND/OR RETALIATION IN VIOLATION OF FEHA**<br><br>**(7)  VIOLATION OF CFRA RIGHTS**<br><br>**(8)  CFRA RIGHTS RETALIATION** |

1

PLAINTIFF MICHAEL DE LEON'S FIRST AMENDED COMPLAINT FOR DAMAGES

**(9)  WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

**(10)  NEGLIGENT HIRING, SUPERVISION, AND/OR RETENTION**

**<u>JURY TRIAL DEMANDED</u>**

Plaintiff, MICHAEL DE LEON, a California resident (hereinafter, "Plaintiff"), files this First Amended Complaint against Defendants J. M. EQUIPMENT COMPANY, INC., a California Stock Corporation (hereinafter "JME"); and DOES 1 to 50, inclusive (each a "Defendant," and collectively, "Defendants") (Plaintiff and Defendants shall each be referred to as a "Party", and collectively as, the "Parties"), and demanding a trial by jury, avers as follows:

<u>**PARTIES**</u>

1.  Plaintiff MICHAEL DE LEON, at all relevant times mentioned in this complaint, was a resident of the County of Fresno, California and the County of Madera, California.

2.  Defendant JME is, and at all relevant times was, a California corporation, registered under the laws of the State of California with its principal place of business located at 321 Spreckels Avenue, Manteca, CA 95336.

3.  Defendants DOES 1 through 50 are sued under fictitious names pursuant to Code of Civil Procedure section 474. Plaintiff is informed and believes, and on that basis alleges, that each of the defendants sued under fictitious names is in some

PLAINTIFF MICHAEL DE LEON'S FIRST AMENDED COMPLAINT FOR DAMAGES

manner responsible for the wrongs and damages alleged below, in so acting was functioning as the agent, servant, partner, and employee of the Defendant, and in taking the actions mentioned below was acting within the course and scope of their authority as such agent, servant, partner, and employee, with the permission and consent of the Defendant. The named Defendants and Doe Defendants are sometimes hereafter referred to, collectively and/or individually, as "Defendant."

4.      Each reference in this Complaint to "Defendant" and/or "Defendants" refers to JME, and its managers, agents, employees and/or supervisors; and also refers to all Doe Defendants.

5.      Plaintiff is informed and believes and thereon alleges that each and all of the acts and omissions alleged herein were performed by, and/or are attributable to, all Defendants, each acting as agents and/or employees, and/or under the direction and control of each of the other Defendants, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control. Plaintiff is informed and believes and thereon alleges that at all times material hereto Defendants were and are the agents of each other.

## JURISDICTION AND VENUE

6.      Sacramento County Superior Court has personal jurisdiction over Defendant because Defendant resides and/or regularly transacts business in California and because Defendants' obligations and liability arise therein.

7.      Venue is proper in Sacramento County Superior Court and this action was originally and properly filed in the County of Sacramento because Defendant regularly transacts business in the County of Sacramento, and because Defendants' obligations and liability arise therein. Defendant maintains offices in the County of Sacramento, regularly transacts business there, and has agents, employees and/or supervisors within the County of Sacramento. Defendants removed this action to the California Eastern District Court of the United States where Plaintiff now files his First Amended Complaint for Damages.

## ADMINISTRATIVE PREREQUISITES

8.     On February 14, 2023, Plaintiff filed a complaint with the Department of Fair Employment and Housing ("DFEH") against Defendant alleging facts upon which this Complaint is based.

9.     On February 14, 2023, Plaintiff received an immediate right-to-sue letter from the DFEH. Plaintiff has thus exhausted his administrative prerequisites to filing this civil action.

## FACTS COMMON TO ALL COUNTS

1.     *Plaintiff's hiring*: In or around March of 1993, Plaintiff was hired by JME as a service technician. From the time of hire until approximately 1997, Plaintiff worked in Defendant's shop location in Fresno.

2.     As a service technician, Plaintiff was responsible for the inspection, servicing, maintenance, repair, and troubleshooting of forklifts, agricultural equipment, and other machinery. Plaintiff was also responsible for preparing equipment for rental and ensuring compliance with safety and cleanliness standards.

3.     At all relevant times, Plaintiff was an exemplary employee who went above and beyond to meet the needs of JME. Plaintiff received numerous performance and attendance awards throughout the course of his employment with JME.

4.     In 1997, Plaintiff transitioned to the position of a road service mechanic. In that role, Plaintiff traveled in the company service van to various industrial and commercial locations to perform inspection and repair services.

5.     In or around 1999, Plaintiff began developing knee and hip pain due to the strenuous demands of his job. The physical strain caused Plaintiff to walk slowly with a limp and a hunched back.

6.     During this time, Plaintiff attended doctor's appointments approximately every two months for continued monitoring of his deteriorating hip and knee. Plaintiff diligently provided his supervisors with advance notice of his

PLAINTIFF MICHAEL DE LEON'S FIRST AMENDED COMPLAINT FOR DAMAGES

doctor's appointments.

7.     In or around 2014, JME supervisors began make age-based derogatory remarks directed at Plaintiff. For instance, Plaintiff's supervisor Mr. Taylor said to Plaintiff that he was not suited to be a road mechanic because "***that's a young man's job out there in the field***."

8.     In or around 2015, JME demoted Plaintiff from road mechanic to shop mechanic and hired Kyle Neuberger, a 26-year-old, to replace Plaintiff in his former role.

9.     In or around 2017, Plaintiff informed his supervisor Mr. Taylor that he was looking to undergo surgery for his hip sometime in the future.

10.     In or around 2019, with his hip and knee further deteriorating, Plaintiff explained the nature of his physical constraints with his supervisor Mr. Taylor and requested accommodation in the form of light duty. Mr. Taylor denied Plaintiff's request and callously responded: "***Light duty isn't an option. You can either work, or you can't.***"

11.     In or around August of 2021, Plaintiff notified his supervisors Mike Koop ("Mr. Koop") and Matt Taylor ("Mr. Taylor") that, in or around October of 2021, he would need to take a temporary medical leave of absence to undergo hip replacement surgery for his deteriorating hip. Plaintiff informed them he anticipated needing approximately two months following the surgery to recover.

12.     *Plaintiff's termination:* On or around October 1, 2021, just days before Plaintiff intended to begin medical leave for his scheduled hip replacement surgery, JME terminated his employment after Plaintiff dedicated nearly thirty (30) years of his life to serving Defendants. JME's stated reason for Plaintiff's termination was a purported downturn in business and lack of work available for him to perform.

13.     Based on information and belief, the only other employee whose employment was terminated was Randy Yoshida, approximately 62 years old at that time.

PLAINTIFF MICHAEL DE LEON'S FIRST AMENDED COMPLAINT FOR DAMAGES

14. Shortly after terminating Plaintiff, in a blatant contradiction to JME's alleged shortage of work, JME requested existing employees to work overtime and hired additional employees to meet the growing demands of available jobs.

15. *Economic damages:* As a consequence of Defendants' conduct, Plaintiff has suffered and will suffer harm, including lost past and future income and employment benefits, damage to his career, and lost wages, unpaid expenses, and penalties, as well as interest on unpaid wages at the legal rate from and after each payday on which those wages should have been paid, in a sum to be proven at trial.

16. *Non-economic damages:* Plaintiff also suffered physically and emotionally as a consequence of Defendants' treatment. Plaintiff now suffers from mental and emotional symptoms including but not limited to depression, anxiety, insomnia, loss of appetite, hopelessness, humiliation, stress, restlessness, fatigue, financial insecurity, mood swings, and mental pain and anguish, necessitating mental health treatment.

17. *Malice:* Defendants' conduct was committed with malice within the meaning of California Civil Code section 3294, including that (a) Defendant acted with intent to cause injury to Plaintiff and/or acted with reckless disregard for Plaintiff's injury, including by termination Plaintiff's employment and/or taking other adverse job actions against Plaintiff because of his disability and engagement in protected activity, and/or (b) Defendants' conduct was despicable and committed in willful and conscious disregard of Plaintiff's rights, health, and safety, including Plaintiff's right to be free of discrimination, harassment, retaliation and wrongful employment termination.

18. *Oppression:* In addition, and/or alternatively, Defendants' conduct was committed with oppression within the meaning of California Civil Code section 3294, including that Defendants' actions against Plaintiff because of his disability and engagement in protected activity were "despicable" and subjected Plaintiff to cruel and unjust hardship, in knowing disregard of Plaintiff's rights to a workplace

free of discrimination, harassment, retaliation and wrongful employment termination.

19.     *Fraud:* In addition, and/or alternatively, Defendants' conduct as alleged was fraudulent within the meaning of California Civil Code section 3294, including that Defendant asserted false (pretextual) grounds for employment termination and/or other adverse job actions, thereby to cause Plaintiff hardship and deprive him of legal rights.

20.     *Attorneys' Fees:* Due to the acts of Defendant, Plaintiff has incurred and continues to incur legal expenses and attorney's fees.

PLAINTIFF MICHAEL DE LEON'S FIRST AMENDED COMPLAINT FOR DAMAGES

# FIRST CAUSE OF ACTION

## DISABILITY DISCRIMINATION IN VIOLATION OF FEHA

### (Cal. Gov. Code § 12940(a)))

(Against Defendants JME, and DOES 1 through 50, inclusive)

21.     Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, all preceding paragraphs of this Complaint.

22.     Under the FEHA, it is unlawful for an employer to discriminate against an employee on the basis of the employee's disability and/or medical condition. Cal. Gov't Code § 12940(a).

23.     At all relevant times, Defendant JME was an employer within the meaning of FEHA because Defendant employs more than five persons. (Cal. Gov't Code § 12926(d)).

24.     As such, Defendant was barred from discriminating and retaliating against employees on the basis of a physical or mental disability. Cal. Gov't. Code § 12940. Defendant was also required to take all reasonable steps to prevent discrimination from occurring, as set forth in Government Code sections 12940 *et seq*.

25.     At all relevant times, Plaintiff was an employee of Defendant and a member of a protected class for purposes of the FEHA. Plaintiff suffered from a disability and/or serious medical condition, as defined by FEHA, which affected his physical capacity and limited his major life activities, including but not limited to working, and as such, Plaintiff is protected from discrimination and retaliation based on his disability and/or medical conditions.

26.     At all relevant times, Defendant was aware that Plaintiff suffered from a disability and/or medical condition because Plaintiff was visibly hunched over and limping while struggling to walk. Moreover, Plaintiff specifically reported said disability and/or medical condition directly to his supervisors and requested accommodation.

1

27.    At all relevant times, Plaintiff was able to perform the essential duties of his position, either with or without reasonable accommodations for his disability and/or medical condition.

28.    Defendant discriminated against Plaintiff in violation of FEHA by committing unlawful adverse employment practices including but not limited to creating an overall hostile work environment; denying Plaintiff equal terms, conditions, and/or privileges of employment enjoyed by other employees; subjecting Plaintiff to offensive age-based discriminatory remarks; demoting Plaintiff; replacing Plaintiff in his position with a substantially younger employee; failing to engage in a good faith interactive process to determine reasonable accommodations that would allow Plaintiff to accomplish the essential functions of his job, refusing to accommodate Plaintiff's disability and/or medical condition; failing to remedy or prevent discrimination and retaliation; and wrongfully terminating Plaintiff's employment for pretextual reasons in violation of public policy.

29.    Plaintiff is informed and believes, and thereon alleges that Plaintiff's disability/medical condition was a substantial motivating reason for Defendants' decision to terminate Plaintiff.

30.    Defendants' wrongful conduct was a substantial factor in causing Plaintiff harm. As a direct and proximate result of Defendants' conduct, Plaintiff has been damaged in an amount according to proof at the time of trial.

31.    As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer substantial losses in wages, bonuses, benefits, career path opportunities and other out of pocket expenses in an amount according to proof at the time of trial.

32.    As a direct and proximate result of Defendants' aforementioned acts, Plaintiff has also suffered and/or incurred general damages for depression, anxiety, insomnia, loss of appetite, hopelessness, humiliation, stress, restlessness, fatigue, financial insecurity, mood swings, and mental pain and anguish, in an amount

PLAINTIFF MICHAEL DE LEON'S FIRST AMENDED COMPLAINT FOR DAMAGES

according to proof at the time of trial.

33.     Plaintiff also continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial which fees and expenses are recoverable pursuant to Gov't. Code section 12900 *et seq.*

34.     The above-described actions were perpetrated and/or ratified by managing agents, officers or directors of Defendant. These acts were done with malice, fraud, oppression, and in reckless disregard of Plaintiff's rights, including that Defendant asserted false (pretextual) grounds for terminating Plaintiff's employment. Such acts were deliberate, intentional, despicable in character and warrant the imposition of punitive damages within the meaning of California Civil Code section 3294 and in a sum sufficient to punish and deter Defendants' future conduct.

## SECOND CAUSE OF ACTION

## FAILURE TO PROVIDE REASONABLE ACCOMMODATION IN VIOLATION OF FEHA (Cal. Gov't Code § 12940(m))

(Against Defendants JME, and DOES 1 through 50, inclusive)

35.     Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, all preceding paragraphs of this Complaint.

36.     At all times herein mentioned, FEHA, Government Code section 12940(m) was in full force and effect and was binding on Defendant. This statute requires Defendant to provide reasonable accommodations to known disabled employees.

37.     At all relevant times, Defendant was aware that Plaintiff suffered from a disability and/or medical condition because Plaintiff was visibly hunched over and limping while struggling to walk. Moreover, Plaintiff specifically reported said disability and/or medical condition directly to his supervisors and requested accommodation.

38.     At all relevant times, Plaintiff was able to perform the essential duties

PLAINTIFF MICHAEL DE LEON'S FIRST AMENDED COMPLAINT FOR DAMAGES

of his position with reasonable accommodations for his disability and/or medical condition.

39.     Defendant failed to provide reasonable accommodation for Plaintiff's disability and/or medical condition despite Plaintiff's requests for accommodation.

40.     Instead of accommodating Plaintiff, Defendant terminated Plaintiff's employment at least in part due to his disability and/or medical condition and his requests for accommodation.

41.     Defendants' failure to reasonably accommodate Plaintiff was a substantial factor in causing Plaintiff's harm. As a direct and proximate result of Defendants' conduct, Plaintiff has been damaged in an amount according to proof at the time of trial.

42.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer substantial losses in wages, bonuses, benefits, career path opportunities and other out of pocket expenses in an amount according to proof at the time of trial.

43.     As a direct and proximate result of Defendants' aforementioned acts, Plaintiff has also suffered and/or incurred general damages for depression, anxiety, insomnia, loss of appetite, hopelessness, humiliation, stress, restlessness, fatigue, financial insecurity, mood swings, and mental pain and anguish, in an amount according to proof at the time of trial.

44.     Plaintiff also continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial which fees and expenses are recoverable pursuant to Gov't. Code section 12900 *et seq.*

45.     The above-described actions were perpetrated and/or ratified by managing agents, officers or directors of Defendant. These acts were done with malice, fraud, oppression, and in reckless disregard of Plaintiff's rights, including that Defendant asserted false (pretextual) grounds for terminating Plaintiff's employment. Such acts were deliberate, intentional, despicable in character and

warrant the imposition of punitive damages within the meaning of California Civil Code section 3294 and in a sum sufficient to punish and deter Defendants' future conduct.

### THIRD CAUSE OF ACTION

### FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF FEHA (Cal. Gov't Code § 12940(n))

(Against Defendants JME, and DOES 1 through 50, inclusive)

46.     Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, all preceding paragraphs of this Complaint.

47.     At all times herein mentioned, FEHA, Government Code section 12940(n), was in full force and effect and was binding on Defendant. This statute requires employers to engage in a timely, good faith, interactive process to determine reasonable accommodation for an employee with a known physical disability or known medical condition. Cal. Gov't Code § 12940(n).

48.     At all relevant times, Defendant was aware that Plaintiff suffered from a disability and/or medical condition because Plaintiff was visibly hunched over and limping while struggling to walk. Moreover, Plaintiff specifically reported said disability and/or medical condition directly to his supervisors and requested accommodation.

49.     At all relevant times, Plaintiff was willing to participate in an interactive process to determine whether reasonable accommodations could be made to enable him to perform the essential functions of his job.

50.     Defendant wholly failed to engage in a timely, good-faith interactive process with Plaintiff to accommodate his known disability. Instead, Defendant refused to reasonably accommodate Plaintiff and wrongfully terminated his employment in part because of his disability and/or medical condition and his requests for accommodation.

51.     Defendants' failure to engage in a good faith interactive process was a

PLAINTIFF MICHAEL DE LEON'S FIRST AMENDED COMPLAINT FOR DAMAGES

substantial factor in causing Plaintiff's harm. As a direct and proximate result of Defendants' conduct, Plaintiff has been damaged in an amount according to proof at the time of trial.

52.   As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer substantial losses in wages, bonuses, benefits, career path opportunities and other out of pocket expenses in an amount according to proof at the time of trial.

53.   As a direct and proximate result of Defendants' aforementioned acts, Plaintiff has also suffered and/or incurred general damages for depression, anxiety, insomnia, loss of appetite, hopelessness, humiliation, stress, restlessness, fatigue, financial insecurity, mood swings, and mental pain and anguish, in an amount according to proof at the time of trial.

54.   Plaintiff also continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial which fees and expenses are recoverable pursuant to Gov't. Code section 12900 *et seq.*

55.   The above-described actions were perpetrated and/or ratified by managing agents, officers or directors of Defendant. These acts were done with malice, fraud, oppression, and in reckless disregard of Plaintiff's rights, including that Defendant asserted false (pretextual) grounds for terminating Plaintiff's employment. Such acts were deliberate, intentional, despicable in character and warrant the imposition of punitive damages within the meaning of California Civil Code section 3294 and in a sum sufficient to punish and deter Defendants' future conduct.

//

//

//

//

PLAINTIFF MICHAEL DE LEON'S FIRST AMENDED COMPLAINT FOR DAMAGES

## FOURTH CAUSE OF ACTION

## AGE DISCRIMINATION IN VIOLATION OF FEHA

### (Cal. Gov. Code §12940(a))

(Against Defendant JME and DOES 1 through 50, inclusive)

56.     Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, all preceding paragraphs of this Complaint.

57.     At all relevant times mentioned herein, Plaintiff was an employee of Defendant and a member of a protected class for purposes of the FEHA, in that he is over the age of 40.

58.     At all relevant times to this Complaint, Defendant JME was an employer covered by FEHA because it employs more than five persons. (Cal. Gov't Code § 12926(d)).

59.     Under the FEHA, it is unlawful for an employer to discriminate against an employee in terms, conditions, or privileges of employment based upon the employee's age. (Cal. Gov't Code § 12940(a)).

60.     Defendants' conduct, as alleged, violated FEHA, and Defendant committed unlawful adverse employment practices, including but not limited to creating an overall hostile work environment; denying Plaintiff equal terms, conditions, and/or privileges of employment enjoyed by other employees; subjecting Plaintiff to offensive age-based discriminatory remarks; demoting Plaintiff; replacing Plaintiff in his position with a substantially younger employee; failing to engage in a good faith interactive process to determine reasonable accommodations that would allow Plaintiff to accomplish the essential functions of his job, refusing to accommodate Plaintiff's disability and/or medical condition; failing to remedy or prevent discrimination and retaliation; and wrongfully terminating Plaintiff's employment for pretextual reasons in violation of public policy.

61.     Plaintiff is informed and believes, and thereon alleges that his age was a substantial motivating reason for Defendants' unlawful conduct.

62.     Defendants' unlawful conduct was a substantial factor in causing Plaintiff harm. As a direct and proximate result of Defendants' conduct, Plaintiff has been damaged in an amount according to proof at the time of trial.

63.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer substantial losses in wages, bonuses, benefits, career path opportunities and other out of pocket expenses in an amount according to proof at the time of trial.

64.     As a direct and proximate result of Defendants' aforementioned acts, Plaintiff has also suffered and/or incurred general damages for depression, anxiety, insomnia, loss of appetite, hopelessness, humiliation, stress, restlessness, fatigue, financial insecurity, mood swings, and mental pain and anguish, in an amount according to proof at the time of trial.

65.     Plaintiff also continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial which fees and expenses are recoverable pursuant to Gov't. Code section 12900 *et seq.*

66.     Defendants' misconduct was committed intentionally, in a malicious, despicable, oppressive manner, entitling Plaintiff to punitive damages against Defendants.

## FIFTH CAUSE OF ACTION

## RETALIATION IN VIOLATION OF FEHA

## (Cal. Gov. Code § 12940(h))

(Against Defendants JME, and DOES 1 through 50, inclusive)

67.     Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, all preceding paragraphs of this Complaint.

68.     The FEHA makes it unlawful for an employer to retaliate against an employee for opposing any practices forbidden under California Gov't. Code sections 12900 through 12966 or because the employee has filed a complaint, testified, or assisted in any proceedings under the FEHA. Cal. Gov't Code §12940(h).

8

The FEHA also makes it unlawful to retaliate or otherwise discriminate against an employee for requesting an accommodation for a disability, regardless of whether the request was granted. Cal. Gov't Code §12940(m)(2).

69. Plaintiff engaged in legally protected behavior on multiple occasions, including but not limited to, requesting reasonable accommodations for his disability and/or medical condition and taking protected medical leave.

70. Plaintiff is informed and believes and thereon alleges that as a consequence of his engaging in legally protected activity, Defendant retaliated against Plaintiff by, among other things: creating an overall hostile work environment; denying Plaintiff equal terms, conditions, and/or privileges of employment enjoyed by other employees; subjecting Plaintiff to offensive age-based discriminatory remarks; demoting Plaintiff; replacing Plaintiff in his position with a substantially younger employee; failing to engage in a good faith interactive process to determine reasonable accommodations that would allow Plaintiff to accomplish the essential functions of his job, refusing to accommodate Plaintiff's disability and/or medical condition; failing to remedy or prevent discrimination and retaliation; and wrongfully terminating Plaintiff's employment for pretextual reasons in violation of public policy.

71. Plaintiff's protected activity was a substantial motivating reason for Defendants' adverse employment actions including but not limited to the wrongful termination of his employment.

72. Defendants' retaliatory conduct was a substantial factor in causing Plaintiff harm. As a direct and proximate result of Defendants' retaliatory conduct, Plaintiff has been damaged in an amount according to proof at the time of trial.

73. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer substantial losses in wages, bonuses, benefits, career path opportunities and other out of pocket expenses in an amount according to proof at the time of trial.

74.     As a direct and proximate result of Defendants' aforementioned acts, Plaintiff has also suffered and/or incurred general damages for depression, anxiety, insomnia, loss of appetite, hopelessness, humiliation, stress, restlessness, fatigue, financial insecurity, mood swings, and mental pain and anguish, in an amount according to proof at the time of trial.

75.     Plaintiff also continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial which fees and expenses are recoverable pursuant to Gov't. Code section 12900 *et seq.*

76.     The above-described actions were perpetrated and/or ratified by managing agents, officers or directors of Defendant. These acts were done with malice, fraud, oppression, and in reckless disregard of Plaintiff's rights, including that Defendant asserted false (pretextual) grounds for terminating Plaintiff's employment. Such acts were deliberate, intentional, despicable in character and warrant the imposition of punitive damages within the meaning of California Civil Code section 3294 and in a sum sufficient to punish and deter Defendants' future conduct.

## SIXTH CAUSE OF ACTION

## FAILURE TO PREVENT DISCRIMINATION, HARASSMENT AND/OR RETALIATION IN VIOLATION OF FEHA (Cal. Gov. Code §12940(k))

(Against Defendants JME; and DOES 1 through 50)

77.     Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, all preceding paragraphs of this Complaint.

78.     At all times herein mentioned, FEHA, Government Code section 12940(k), was in full force and effect and was binding on Defendant. This statute requires employers to take all reasonable steps necessary to prevent harassment, discrimination and retaliation from occurring.

79.     As explained herein, Plaintiff was subjected to harassment, discrimination and retaliation in the course of his employment with Defendant.

10

80.    Defendant violated FEHA with regard to Plaintiff when Defendant failed to take all reasonable steps necessary to investigate and prevent unlawful discrimination and harassment from occurring, and to remedy such discrimination.

81.    Defendants' failure to take all reasonable steps to investigate and prevent unlawful discrimination and harassment was a substantial factor in causing Plaintiff harm. As a direct and proximate result of Defendants' conduct, Plaintiff has been damaged in an amount according to proof at the time of trial.

82.    As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer substantial losses in wages, benefits, career path opportunities, and other out of pocket expenses in an amount according to proof at the time of trial.

83.    As a direct and proximate result of defendants' aforementioned acts, Plaintiff has also suffered and/or incurred general damages for limited to depression, anxiety, insomnia, loss of appetite, hopelessness, humiliation, stress, restlessness, fatigue, financial insecurity, mood swings, and mental pain and anguish, in an amount according to proof at the time of trial.

84.    Plaintiff also continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial which fees and expenses are recoverable pursuant to Gov't. Code section 12900 *et seq.*

85.    The above-described actions were perpetrated and/or ratified by managing agents, officers or directors of all the Defendant. These acts were done with malice, fraud, oppression, and in reckless disregard of Plaintiff's rights, including that Defendant asserted false (pretextual) grounds for terminating Plaintiff's employment. Such acts were despicable in character and warrant the imposition of punitive damages within the meaning of California Civil Code section 3294 and in a sum sufficient to punish and deter Defendants' future conduct.

//

//

PLAINTIFF MICHAEL DE LEON'S FIRST AMENDED COMPLAINT FOR DAMAGES

## SEVENTH CAUSE OF ACTION

## VIOLATION OF CFRA RIGHTS

## (Cal. Gov. Code § 12945.1 *et seq.*)

(Against Defendants JME, and DOES 1 through 50, inclusive)

86. Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, all preceding paragraphs of this Complaint.

87. The California Family Rights Act ("CFRA") is a portion of FEHA that provides protections to employees needing family leave or medical leave. CFRA provides that it shall be an unlawful employment practice for any employer to deny an employee, returning from family care or medical leave, "a guarantee of employment in the same or a comparable position upon the termination of the leave." Cal. Gov't. Code § 12945.2(a), (t).

88. At all relevant times, Defendant JME was an employer covered by CFRA and was prohibited from discrimination and retaliation in employment on the basis of an employee taking protected leave, and interference with an employee's right to take such a leave.

89. At all relevant times, Plaintiff was eligible for medical leave pursuant to FEHA and/or CFRA. Plaintiff was an employee of Defendant. Defendant employed 5 or more employees. At the time Plaintiff intended to take medical leave, Plaintiff had more than 12 months of service with Defendant and had worked at least 1250 hours for Defendant during the previous 12 months. At the time Plaintiff attempted to take medical leave, Plaintiff had taken no more than 12 weeks of family care and medical leave during the relevant 12-month period.

90. Plaintiff requested leave for his own serious health condition and/or disability.

91. Plaintiff provided reasonable notice to Defendant of his need for leave, including its expected time and length.

92. In lieu of allowing Plaintiff to take protected medical leave, Defendant

terminated Plaintiff's employment. As such, Defendant refused to grant Plaintiff's request for medical leave and precluded him from returning to the same or a comparable job by terminating his employment in violation of Plaintiff's rights under CFRA and FEHA.

93.    Defendants' conduct was a substantial factor in causing Plaintiff's harm. As a direct and proximate result of Defendants' conduct, Plaintiff has been damaged in an amount according to proof at the time of trial.

94.    As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer substantial losses in wages, bonuses, benefits, career path opportunities and other out of pocket expenses in an amount according to proof at the time of trial.

95.    As a direct and proximate result of Defendants' aforementioned acts, Plaintiff has also suffered and/or incurred general damages for depression, anxiety, insomnia, loss of appetite, hopelessness, humiliation, stress, restlessness, fatigue, financial insecurity, mood swings, and mental pain and anguish, in an amount according to proof at the time of trial.

96.    Plaintiff also continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial which fees and expenses are recoverable pursuant to Gov't. Code section 12900 *et seq.*

97.    The above-described actions were perpetrated and/or ratified by managing agents, officers or directors of Defendant. These acts were done with malice, fraud, oppression, and in reckless disregard of Plaintiff's rights, including that Defendant asserted false (pretextual) grounds for terminating Plaintiff's employment. Such acts were deliberate, intentional, despicable in character and warrant the imposition of punitive damages within the meaning of California Civil Code section 3294 and in a sum sufficient to punish and deter Defendants' future conduct.

PLAINTIFF MICHAEL DE LEON'S FIRST AMENDED COMPLAINT FOR DAMAGES

# EIGHTH CAUSE OF ACTION

## CFRA RIGHTS RETALIATION

### (Cal. Gov. Code § 12945.2(*l*), (t))

(Against Defendants JME, and DOES 1 through 50, inclusive)

98.    Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, all preceding paragraphs of this Complaint.

99.    At all relevant times, Plaintiff was eligible for medical leave pursuant to the CFRA.

100.   Plaintiff engaged in legally protected behavior when he exercised his right to take medical leave for a qualifying CFRA purpose, requested reasonable work accommodations, and more.

101.   Plaintiff is informed and believes and thereon alleges that as a consequence of his engaging in legally protected activity, Defendant retaliated against Plaintiff by, among other things: creating an overall hostile work environment; denying Plaintiff equal terms, conditions, and/or privileges of employment enjoyed by other employees; subjecting Plaintiff to offensive age-based discriminatory remarks; demoting Plaintiff; replacing Plaintiff in his position with a substantially younger employee; failing to engage in a good faith interactive process to determine reasonable accommodations that would allow Plaintiff to accomplish the essential functions of his job, refusing to accommodate Plaintiff's disability and/or medical condition; failing to remedy or prevent discrimination and retaliation; and wrongfully terminating Plaintiff's employment for pretextual reasons in violation of public policy.

102.   Plaintiff's protected activity was a substantial motivating reason for Defendants' decision to take adverse employment action(s) against Plaintiff.

103.   Defendants' retaliatory conduct was a substantial factor in causing Plaintiff harm. As a direct and proximate result of Defendants' retaliatory conduct, Plaintiff has been damaged in an amount according to proof at the time of trial.

104.   As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer substantial losses in wages, bonuses, benefits, career path opportunities and other out of pocket expenses in an amount according to proof at the time of trial.

105.   As a direct and proximate result of Defendants' aforementioned acts, Plaintiff has also suffered and/or incurred general damages for depression, anxiety, insomnia, loss of appetite, hopelessness, humiliation, stress, restlessness, fatigue, financial insecurity, mood swings, and mental pain and anguish, in an amount according to proof at the time of trial.

106.   Plaintiff also continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial which fees and expenses are recoverable pursuant to Gov't. Code section 12900 *et seq.*

107.   The above-described actions were perpetrated and/or ratified by managing agents, officers or directors of Defendant. These acts were done with malice, fraud, oppression, and in reckless disregard of Plaintiff's rights, including that Defendant asserted false (pretextual) grounds for terminating Plaintiff's employment. Such acts were deliberate, intentional, despicable in character and warrant the imposition of punitive damages within the meaning of California Civil Code section 3294 and in a sum sufficient to punish and deter Defendants' future conduct.

## NINTH CAUSE OF ACTION

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

(Against Defendants JME, and DOES 1 through 50, inclusive)

108.   Plaintiff re-alleges and incorporates by reference the matters alleged in the foregoing paragraphs of this Complaint as if fully set forth herein.

109.   Plaintiff's employment was terminated for pretextual reasons and as a result of Defendants' violation of fundamental public policies. It is against fundamental California public policy to discriminate against and/or retaliate against

an employee on the basis of the employee's disability and/or medical condition. It is also against California public policy to discharge an employee for engaging in protected activity, including requesting accommodation.

110.   Plaintiff's disability and requests for accommodation, and taking of protected medical leave, among other things, were substantial motivating reasons for Plaintiff's termination.

111.   Defendants' unlawful conduct was a substantial factor in causing Plaintiff harm. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer substantial losses in wages, benefits, career path opportunities, and other out of pocket expenses in an amount according to proof at the time of trial.

112.   As a direct and proximate result of Defendants' conduct, Plaintiff has also suffered and/or incurred general damages for depression, anxiety, insomnia, loss of appetite, hopelessness, humiliation, stress, restlessness, fatigue, financial insecurity, mood swings, and mental pain and anguish, in an amount according to proof at the time of trial.

113.   The above-described actions were perpetrated and/or ratified by managing agents, officers or directors of all the Defendant. These acts were done with malice, fraud, oppression, and in reckless disregard of Plaintiff's rights, including that Defendant asserted false (pretextual) grounds for terminating Plaintiff's employment. Such acts were despicable in character and warrant the imposition of punitive damages within the meaning of California Civil Code section 3294 and in a sum sufficient to punish and deter Defendants' future conduct.

//

//

//

//

PLAINTIFF MICHAEL DE LEON'S FIRST AMENDED COMPLAINT FOR DAMAGES

**TENTH CAUSE OF ACTION**

**NEGLIGENT HIRING, RETENTION, AND/OR SUPERVISION**

(***Doe v. Capital Cities* (1996) 50 Cal. App. 4th 1038**)

(Against Defendants JME, and DOES 1-50, inclusive)

114.   Plaintiff re-alleges and incorporates by reference the matters alleged in the foregoing paragraphs of this Complaint as if fully set forth herein.

115.   Defendant owed a duty of care to Plaintiff to appoint, hire, retain, and supervise persons who would not engage in retaliatory, harassing, or discriminatory conduct. Defendant also owed a duty of care to Plaintiff not to retain managers or employees who would discriminate against, harass, or retaliate against employees based on their age or disability and for engaging in protected activities.

116.   Defendant breached these duties when they hired, supervised, and/or retained Defendants Mr. Koop and Mr. Taylor, who were unfit to perform the work for which they were hired when they refused to accommodate Plaintiff's disability.

117.   Defendant knew or should have known of Mr. Koop and Mr. Taylor's misconduct and refusal to accommodate Plaintiff's disability created a particular risk of causing Plaintiff further emotional distress and/or distress of other employees.

118.   Defendants Mr. Koop and Mr. Taylor's unfitness for their managerial roles harmed Plaintiff.

119.   Defendant JME's negligence in retaining Mr. Koop and Mr. Taylor was a factor in causing Plaintiff's harm.

120.   As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer substantial losses in wages, bonuses, benefits, career path opportunities and other out of pocket expenses in an amount according to proof at the time of trial.

121.   As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer substantial losses in wages, bonuses, benefits, career path opportunities and other out of pocket expenses in an amount according to proof

17

1 at the time of trial.

2     122.   As a direct and proximate result of Defendants' aforementioned acts,

3 Plaintiff has also suffered and/or incurred general damages for depression, anxiety,

4 insomnia, loss of appetite, hopelessness, humiliation, stress, restlessness, fatigue,

5 financial insecurity, mood swings, and mental pain and anguish, in an amount

6 according to proof at the time of trial.

7     123.   The above-described actions were perpetrated and/or ratified by

8 managing agents, officers or directors of Defendant. These acts were done with

9 malice, fraud, oppression, and in reckless disregard of Plaintiff's rights. Such acts

10 were deliberate, intentional, despicable in character and warrant the imposition of

11 punitive damages within the meaning of California Civil Code section 3294 and in a

12 sum sufficient to punish and deter Defendants' future conduct.

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLAINTIFF MICHAEL DE LEON'S FIRST AMENDED COMPLAINT FOR DAMAGES

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.    For general and special damages according to proof;

2.    For pre-judgment and post-judgment interest on all damages awarded;

3.    For exemplary and punitive damages in an amount according to proof;

4.    For reasonable attorneys' fees;

5.    For costs of suit incurred;

6.    For all civil penalties as permitted by law;

7.    For medical expenses and related items of expense, according to proof;

8.    For such other and further relief as the Court may deem just and proper.

ADDITIONALLY, Plaintiff demands trial of this matter by jury. The amount demanded exceeds $25,000.00 (Government Code § 72055).

Dated:    May 15, 2023

                                          **MIRACLE MILE LAW GROUP, LLP**

                                          By:  _____
                                          Justin Hanassab, Esq.
                                          Steven I. Azizi, Esq.
                                          Caitlyn Handy, Esq.
                                          Attorneys for Plaintiff,
                                          MICHAEL DE LEON

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLAINTIFF MICHAEL DE LEON'S FIRST AMENDED COMPLAINT FOR DAMAGES