UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A. DE LEON,<br><br>Plaintiff,<br><br>v.<br><br>J.M. EQUIPMENT COMPANY, INC.,<br><br>Defendant. | No. 2:23-cv-00717-DAD-KJN<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION<br><br>(Doc. No. 9) |

This matter is before the court on plaintiff's motion to remand this action to the Sacramento County Superior Court. (Doc. No. 9.) On June 2, 2023, plaintiff's motion was taken under submission on the papers. (Doc. No. 20.) For the reasons set forth below, the court will grant plaintiff's motion to remand.

**BACKGROUND**

On February 15, 2023, plaintiff Michael A. De Leon filed a lawsuit against defendants J.M. Equipment Company, Inc., Mike Koop, and Matt Taylor in Sacramento County Superior Court. (Doc. No. 1-8.) In his original complaint, plaintiff advanced the following eleven causes of action: (1) disability discrimination in violation of the California Fair Employment & Housing Act ("FEHA"), California Government Code § 12940(a); (2) failure to provide reasonable accommodation in violation of the FEHA, California Government Code § 12940(m); (3) failure

1

to engage in the interactive process in violation of the FEHA, California Government Code § 12940(n); (4) discrimination on the basis of age in violation of the FEHA, California Government Code; (5) retaliation in violation of the FEHA, California Government Code § 12940(h); (6) failure to prevent discrimination, harassment, and/or retaliation in violation of the FEHA, California Government Code §12940(k); (7) violation of the California Family Rights Act ("CFRA"), California Government Code § 12945.1, *et seq.*; (8) CFRA rights retaliation, California Government Code § 12945.2(l), (t); (9) wrongful termination in violation of public policy; (10) intentional infliction of emotional distress ("IIED"); and (11) negligent hiring, supervision, and/or retention.  (Doc. No. 1-8 at 4–27.)

On April 4, 2023, defendants removed this action to this federal court pursuant to the court's federal question jurisdiction under 28 U.S.C. §§ 1331, 1441, and 1446, as well as this court's supplemental jurisdiction under 28 U.S.C. § 1367(a), on the grounds that federal question jurisdiction exists because plaintiff's FEHA claims and claim for wrongful termination in violation of public policy are preempted under § 301 of the Labor Management Rights Act ("LMRA"), 29 U.S.C. § 185.  (Doc. No. 1 at ¶¶ 9, 14.)

On May 15, 2023, plaintiff filed his first amended complaint ("FAC), removing defendants Mike Koop and Matt Taylor from this action as well as his tenth cause of action for IIED.  (Doc. No. 8.)  In his FAC, plaintiff now asserts his "negligent hiring, supervision, and/or retention" claim as his tenth cause of action, while the numbering of plaintiff's other claims remains unchanged from the original complaint.  (*Id.*)

Also on May 15, 2023, plaintiff filed the pending motion to remand, asserting that none of his claims are preempted.  (Doc. No. 9 at 12.)  Defendant filed an opposition on May 30, 2023, and plaintiff filed his reply thereto on June 8, 2023.  (Doc. Nos. 13, 22.)

**LEGAL STANDARD**

A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  Removal is proper when a case originally filed in state court presents a federal question or where there is diversity of citizenship

/////

2

among the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332(a).

The defendant seeking removal of an action from state court bears the burden of establishing grounds for federal jurisdiction by a preponderance of the evidence. *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106–07 (9th Cir. 2010); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). If there is any doubt as to the right of removal, a federal court must reject jurisdiction and remand the case to state court. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1118 (9th Cir. 2004).

A party's notice of removal must contain "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure," and a "statement 'short and plain' need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84, 87 (2014); *see also Ramirez-Duenas v. VF Outdoor, LLC*, No. 1:17-cv-00161-AWI-SAB, 2017 WL 1437595, at *2 (E.D. Cal. Apr. 41, 2017) ("The notice of removal may rely on the allegations of the complaint and need not be accompanied by any extrinsic evidence.").

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018) ("Removal based on federal-question jurisdiction is reviewed under the longstanding well-pleaded complaint rule."). "[T]he presence of a federal question . . . in a defensive argument does not overcome the paramount policies embodied in the well-pleaded complaint rule—that the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court." *Caterpillar*, 482 U.S. at 398–99.

**ANALYSIS**

**A.     Preemption under § 301 of the LMRA**

In its notice of removal, defendant asserts that this court has federal question jurisdiction over this action because adjudication of plaintiff's FEHA claims and wrongful termination claim requires interpretation of the terms of the collective bargaining agreement ("CBA") between J.M. Equipment Company, Inc. and certain unions, and, therefore, those claims are preempted by § 301 of the LMRA. (Doc. No. 1 at ¶¶ 10–12, 14.) In the pending motion to remand, plaintiff argues that none of his claims are preempted because they do not rely on the CBA or on an interpretation of the CBA's provisions. (Doc. No. 9 at 12.)[1] The central question posed here is whether, as defendant argues, plaintiff's claims are preempted by federal law. Discussion of the relevant legal framework with respect to that issue is therefore necessary.

Section 301 of the LMRA, codified at 29 U.S.C. § 185(a), provides federal courts with original jurisdiction, regardless of the amount in controversy or citizenship of the parties, over any lawsuits "for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce." 29 U.S.C. § 185(a). In the specific context of preemption under § 301 of the LMRA, the Ninth Circuit has recognized that preemption "has such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1152 (9th Cir. 2019) (quoting *Metro. Life Ins. v. Taylor*, 481 U.S. 58, 65 (1987)). Section 301 "authoriz[es] federal courts to create a uniform body of federal common law to adjudicate disputes that arise out of labor contracts." *Id.* at 1151 (citing *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 210 (1985) and *Loc. 174, Teamsters, Chauffeurs, Warehousemen & Helpers of Am. v. Lucas Flour Co.*, 369 U.S. 95, 103–04 (1962)). As the Ninth Circuit has explained,

> federal preemption under § 301 "is an essential component of federal labor policy" for three reasons. First, "a collective bargaining

---

[1] Defendant requests the court take judicial notice of five documents already on this court's docket. (Doc. No. 14 at 2.) For that reason, the request is unnecessary and duplicative. Accordingly, defendant's request for judicial notice (Doc. No. 14) will be denied.

4

>agreement is more than just a contract; it is an effort to erect a system of industrial self-government." Thus, a CBA is part of the "continuous collective bargaining process." Second, because the CBA is designed to govern the entire employment relationship, including disputes which the drafters may not have anticipated, it "calls into being a new common law—the common law of a particular industry or of a particular plant." Accordingly, the labor arbitrator is usually the appropriate adjudicator for CBA disputes because he was chosen due to the "'parties' confidence in his knowledge of the common law of the shop and their trust in his personal judgment to bring to bear considerations which are not expressed in the contract as criteria for judgment." Third, grievance and arbitration procedures "provide certain procedural benefits, including a more prompt and orderly settlement of CBA disputes than that offered by the ordinary judicial process."

*Id.* at 1152 (internal citations omitted).

The determination of whether a claim is preempted by § 301 is made by way of a two-step inquiry. The first question is "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law," or, if instead, the right is conferred by a CBA. *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007). This step requires the court to consider "the legal character of a claim, as 'independent' of rights under the collective-bargaining agreement [and] not whether a grievance arising from 'precisely the same set of facts' could be pursued." *Livadas v. Bradshaw*, 512 U.S. 107, 123 (1994) (citation omitted). If the asserted cause of action is conferred solely by the CBA, the claim is preempted. *Burnside*, 491 F.3d at 1059. If not, the court must still decide whether the claim is "'substantially dependent' on the terms of a CBA" by determining "whether the claim can be resolved by 'looking to' versus interpreting the CBA." *Id.* at 1059–60 (citations omitted). "The term 'interpret' is defined narrowly—it means something more than 'consider,' 'refer to,' or 'apply.'" *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1108 (9th Cir. 2000). If the claim requires interpretation of the CBA, the claim is preempted; if the claim merely requires "looking to" the CBA, it is not preempted. *Burnside*, 491 F.3d at 1060. Once preempted, "any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar*, 482 U.S. at 393.

The Supreme Court has explained that "not every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement, is pre-empted by § 301."

*Allis-Chalmers*, 471 U.S. at 211. Under the second step of *Burnside*, there will only be preemption if there is an active dispute concerning the meaning of the agreement's terms. *Curtis*, 913 F3.d at 1153; *see also Torres v. S. Cal. Permanente Med. Grp.*, No. 22-cv-01910-MWF-MAR, 2022 WL 2116339, at *7 (C.D. Cal. June 13, 2022) (finding that the plaintiff's claims required interpretation of the CBA and were thus preempted under the second step of the *Burnside* inquiry where the plaintiff argued that "Kaiser failed to follow its own progressive discipline policies required by the CBA"); *Warren v. WinCo Foods, LLC*, No. 1:22-cv-00594-SAB, 2022 WL 3026785, at *12 (E.D. Cal. Aug. 1, 2022) (concluding that the plaintiff's claim of defamation was inextricably intertwined with the collective bargaining agreement and preempted by § 301). "[A]lleging a hypothetical connection between the claim and the terms of the CBA is not enough" to trigger preemption. *Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 691 (9th Cir. 2001); *see also Humble v. Boeing Co.*, 305 F.3d 1004, 1010 (9th Cir. 2002) (explaining that "a CBA provision does not trigger preemption when it is only potentially relevant to the state law claims, without any guarantee that interpretation or direct reliance on the CBA terms will occur"); *Andrade v. Rehrig Pac. Co.*, No. 2:20-cv-01448-FMO-RAO, 2020 WL 1934954, at *5 (C.D. Cal. Apr. 22, 2020) (finding that the defendant's assertions were "no more than an attempt to manufacture preemption unrelated to the resolution of plaintiff's claim" and that they, at best, did no more than establish a "hypothetical connection" between the CBA and the plaintiff's claims); *Coy v. S. Home Care Servs., Inc.*, No. 2:21-cv-00067-JAM-CKD, 2021 WL 1608957, at *4 (E.D. Cal. Apr. 26, 2021) (remanding a case to state court after finding that the defendants had not made the requisite showing to trigger preemption under the second step of *Burnside* and had only shown a "hypothetical connection" between the claims and the terms of the CBA). In short, state law claims that do not raise questions about the CBA's "scope, meaning, or application" avoid preemption. *Curtis*, 913 F3.d at 1153; *see also Wilson-Davis v. SSP Am., Inc.*, 434 F. Supp. 3d 806, 818 (C.D. Cal. 2020) (remanding a case after concluding that a court would not be required to interpret the CBA to resolve any of the plaintiff's claims).

/////

/////

**B.     Application**

      1.     FEHA and Wrongful Termination Claims

As noted, defendant removed this action to this federal court, asserting federal question jurisdiction based on the contention that plaintiff's FEHA claims (claims one through six in the FAC) and claim for wrongful termination in violation of public policy (claim nine in the FAC) are preempted under § 301 of the LMRA.  (Doc. No. 1 at ¶¶ 9, 14.)  Below, the court will engage in the two-step *Burnside* inquiry as to plaintiff's FEHA claims and claim for wrongful termination in violation of public policy to determine whether the LMRA preempts these claims.

        a.     Burnside *Step One*

With respect to the first step of the analysis set out by the court in *Burnside*, defendant argues that plaintiff's claims are based on rights conferred by the CBA and identifies sections of the CBA related to seniority, sick leave, discharges, and the grievance procedure, among others. (Doc. No. 13 at 13.)[2]  Plaintiff, on the other hand, argues that his claims are based on rights established by the FEHA.  (Doc. No. 22 at 4–5.)

According to plaintiff, the public policies violated by defendant were those set forth in the FEHA, a California statute, as well as California's constitutional prohibition against discrimination.  (Doc. No. 9 at 17; *see also* Doc. No. 8.)  It appears clear that under binding authority, plaintiff's FEHA claims, as well as his wrongful termination in violation of public policy claim, are grounded in state law and not based on the CBA.  *See Ramirez v. Fox Television Station, Inc.*, 998 F.2d 743, 748 (9th Cir. 1993) ("As we have held previously, the rights conferred by the [FEHA] are defined and enforced under state law without reference to the terms of any collective bargaining agreement.") (citation and internal quotation marks omitted); *Paige v. Henry J. Kaiser Co.*, 826 F.2d 857, 863 (9th Cir. 1987) (holding that "the tort of wrongful discharge in violation of public policy exists independent of any contractual right"); *Buckles v. City of Hope Nat. Med. Ctr.*, No. 11-cv-08757-MMM-MRW, 2012 WL 273760, at *4 (C.D. Cal. Jan. 31, 2012) ("The first five claims allege violations of FEHA, and are thus directly based on

---

[2]  The court notes that in its notice of removal, defendant concedes that plaintiff's claims are based on state law.  (Doc. No. 1 at ¶ 12.)

7

rights created by state law."); *Lencioni v. UA Loc. 467, Plumbers, Steamfitters & Refrigeration Fitters*, No. 16-cv-04518-JCS, 2016 WL 6069232, at *7 (N.D. Cal. Oct. 17, 2016) (finding that the plaintiff's claims for retaliation under the FEHA and termination in violation of public policy arise from state law); *Jones v. Sysco Ventura Inc.*, No. 2:21-cv-04116-SVW-AGR, 2021 WL 6104193, at *3–5 (C.D. Cal. Sept. 1, 2021) (holding that the plaintiff's claims alleging discrimination, harassment, retaliation, failure to accommodate, and failure to provide an interactive process were claims based on rights conferred by the FEHA, not the CBA). Therefore, plaintiff's claims survive the first step of *Burnside*.

### b. Burnside *Step Two*

The court now turns to the question of whether plaintiff's claims are "'substantially dependent' on the terms of a CBA" by examining "whether the claim can be resolved by 'looking to' versus interpreting the CBA." *See Burnside*, 491 F.3d at 1060 (citations omitted). For the reasons explained below, the court concludes that plaintiff's claims are not dependent on an interpretation of the CBA.

#### i. FEHA Claims

As noted above, in its notice of removal, defendant argues that plaintiff's FEHA claims are preempted under § 301 of the LMRA because adjudication of them requires interpretation of the CBA. (Doc. No. 1 at ¶¶ 6, 12, 14.) In its opposition to plaintiff's motion to remand, defendant further expounds on its position in this regard. (Doc. No. 13 at 10–15.) First, defendant contends that plaintiff's FEHA claims are substantially dependent upon the interpretation of the CBA because the CBA explicitly references the "California Family Rights Act or Federal and state disability statutes,"[3] and because the CBA contains a provision pledging

---

[3] The provision, in full, provides as follows:

> The Employer shall have the right to request any employee (*excluding* authorized leaves under this Agreement, the Employer's policies, the Workers' Compensation Act, the Family and Medical Leave Act, the California Family Rights Act or Federal and state disability statutes) to produce medical verification whenever the employee reports absence due to illness, injury, or other disability.

(Doc. No. 1-10 at 10, 35, 58, 82.)

that the CBA itself "shall be applied fairly and in accordance with Federal and State laws relating to race, color, religious creed, sex, age, and national origin." (Doc. No. 13 at 11) (citations omitted). However, even though the CBA has provisions concerning compliance with federal and state law, defendant has not persuasively explained how adjudicating plaintiff's FEHA claims would require interpretation of those provisions of the CBA. *See Paige*, 826 F.2d at 863 ("[T]he tort of wrongful discharge in violation of public policy exists independent of any contractual right. It is true that Article 19 of the collective bargaining agreement states that the employer will comply with all state and federal health and safety laws, including OSHA. This incorporation of existing law does not, however, require an interpretation of the contract terms; it requires an interpretation of the state law.").

Next, defendant contends that assessing whether defendant discriminated or retaliated against plaintiff requires a determination of whether the parties complied with the sick leave policy outlined in the CBA. (Doc. No. 13 at 11.) Specifically, defendant highlights that the CBA's sick leave policy outlines an interactive process requiring employees to submit medical documentation "verifying the inability to work." (Doc. No. 13 at 11) (quoting Doc. No. 9-1 at 37). However, in his reply, plaintiff points out that he has alleged in his FAC that he was discriminated against based on his disability and age, not based upon his submission of a sick leave request. (Doc. No. 22 at 7.) In addition, he argues that his compliance with the CBA's sick leave policy is immaterial to the issues of retaliation or discrimination which are focused instead on defendant's motive. (*Id.*)

The Ninth Circuit has made clear that "reliance on the CBA as an aspect of a defense is not enough to 'inject[ ] a federal question into an action that asserts what is plainly a state-law claim.'" *Burnside*, 491 F.3d at 1060 (citation omitted); *see also Cramer*, 255 F.3d at 691 ("If the claim is plainly based on state law, § 301 preemption is not mandated simply because the defendant refers to the CBA in mounting a defense."). Here, irrespective of defendant's stated grounds for plaintiff's termination, the core dispute between the parties lies in whether plaintiff was terminated for discriminatory reasons in violation of the FEHA. Accordingly, the court finds that resolution of plaintiff's FEHA causes of action do not depend on an interpretation of the

CBA and are thus not preempted by the LMRA. *See Detabali v. St. Luke's Hosp.*, 482 F.3d 1199, 1203 (9th Cir. 2007) (holding that the plaintiff's FEHA claims were not preempted by LMRA because "resolution of the central issue—whether [the defendant] discriminated against [the plaintiff] in applying the agreement—does not depend on interpretation of the collective bargaining agreement."); *Brown v. Brotman Med. Ctr., Inc.*, 571 F. App'x 572, 575 (9th Cir. 2014) ("[The defendant] argues that [plaintiff]'s cause of action is preempted since it included an allegation that [defendant] failed to follow the procedures for termination set forth in the CBA. [The plaintiff]'s claim, however, is that [the defendant] discriminatorily enforced the terms of the CBA; resolution of the claim will be based on [the defendant]'s motivations for applying the CBA rather than the meaning of the CBA's terms.")[4]; *Garcia v. Kaiser Found. Hosps.*, No. 08-cv-04153-ODW-MAN, 2008 WL 4949045, at *4 (C.D. Cal. Nov. 17, 2008) ("[I]t would be unnecessary to interpret the terms of the CBA in order to adjudicate Plaintiff's discrimination claim because her claim turns on Defendants' motives, not the parties' contractual rights—whatever the CBA establishes those rights to be.") (internal citations omitted); *Robles v. Gillig LLC*, 771 F. Supp. 2d 1181, 1185 (N.D. Cal. 2011) ("Regardless of Defendant's stated reasons for terminating Plaintiff, the resolution of Plaintiff's claims will turn on the factual determination whether Defendant terminated Plaintiff on account of his disability.").

/////
/////
/////
/////
/////
/////
/////
/////
/////

---

[4] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

In sum, the court concludes that § 301 of the LMRA does not preempt plaintiff's FEHA claims.[5]

        ii.   Wrongful Termination in Violation of Public Policy Claim

A common law state claim is not preempted if "it poses no significant threat to the collective bargaining process and furthers a state interest in protecting the public transcending the employment relationship." *Jackson v. S. Cal. Gas Co.*, 881 F.2d 638, 644 (9th Cir. 1989) (citation omitted). The same analysis—whether the claim is independent of the CBA and can be resolved without interpretation of its terms—applies to common law claims. *Id.* at 644. As previously discussed, plaintiff's ninth cause of action for wrongful termination in violation of public policy survives the first step of the *Burnside* inquiry.

In his motion to remand, plaintiff argues that because his claim for wrongful termination in violation of public policy is based on California's public policy against discrimination in the workplace pursuant to the FEHA, it can be resolved without interpreting the CBA. (Doc. No. 9 at 17.) The court agrees. This claim as asserted by plaintiff is predicated on discrimination and retaliation against him based on his disability and medical condition. (Doc. No. 8 at ¶ 109.) It

---

[5] The court does not address defendant's arguments with respect to plaintiff's remaining claims because defendant merely provides a laundry list of CBA provisions that may require interpretation, without providing any elaboration. (Doc. No. 13 at 13–14.) Specifically, defendant argues in his opposition:

> Of critical importance to a resolution of plaintiff's claims are the below pertinent sections of the CBA between the union and defendant JM: Section 3 Terms of Employment; Section 4 Seniority (as defined relative to an employee's discharge, resignation, layoff, or change in employer); Section 5 Temporary Layoff; Section 8 Sick Leave; Section 9 Suspension and/or Discharge; Section 10 Discrimination/Equal Employment Opportunity (preventing discrimination on the basis of age and retaliation against an employee participating in a protected activity); Section 26 Grievance Procedure; and Section 27 Arbitration. It is evident that the CBA confers substantial rights to plaintiff by outlining detailed procedures that the employee and employer must follow before certain actions relating to leave, layoffs, suspension, and discharge can be taken.

(Doc. No. 13 at 13–14) (internal citation omitted). Of course, "[i]t is not enough for Defendants to provide a laundry list of provisions that they allege the Court must interpret to resolve Plaintiff's claims; Defendants must explain *why* interpretation, as opposed to mere reference to the CBA, is necessary." *Wilson-Davis*, 434 F. Supp. 3d at 813.

does not require interpretation of the CBA as it focuses on defendant's motivations for terminating plaintiff, (*see id.*), which would further a state interest in preventing workplace discrimination. *See Brown*, 571 F. App'x at 575 ("[The plaintiff]'s wrongful termination claim is partially premised on allegations of age discrimination and would further a state interest in preventing workplace discrimination. This claim also does not require interpretation of the CBA as it focuses on [the defendant]'s motivations for terminating [the plaintiff]."); *Jackson*, 881 F.2d at 644 ("There is little doubt that California has adopted a public policy against discrimination in the work place."); *Hampton v. Transfield Servs. Americas*, No. 14-cv-01251-JAK-E, 2014 WL 5427465, at *6 (C.D. Cal. Oct. 23, 2014) (finding that the plaintiff's claim for wrongful termination in violation of public policy was not dependent on the CBA but was instead a claim premised on California's public policy against discrimination in the workplace under the FEHA and was therefore not preempted by the LMRA); *Garcia*, 2008 WL 4949045, at *5 (finding no § 301 preemption of the plaintiff's FEHA claim and wrongful termination claim).

For these reasons, the court finds that plaintiff's claim for wrongful termination in violation of public policy is also not preempted under § 301 of the LMRA.

   2.   IIED Claim

As previously mentioned, plaintiff discharged his tort claim for IIED when filing the FAC. (Doc. No. 8.) In his motion to remand, plaintiff asserted that "[a]ny potential federal question raised with respect to this claim is therefore moot." (Doc. No. 9 at 11.) In its opposition to the pending motion, defendant contends that "[t]his conclusory allegation ignores well established case law stating that an amendment eliminating the original basis for federal jurisdiction generally does not defeat jurisdiction." (Doc. No. 13 a 9.) The court does not find defendant's argument in this regard to be compelling.

Defendant, in removing the case, did not argue that plaintiff's IIED claim was subject to federal question jurisdiction; rather, defendant argued that the court had supplemental jurisdiction over plaintiff's IIED claim. (*See* Doc. No. 1 at ¶ 16.) In defendant's opposition to the pending motion, defendant still does not argue that this court had federal question jurisdiction over plaintiff's IIED claim, but only argues that the "court should dismiss plaintiff's argument that

12

amending his initial pleading supports an argument the case should be remanded to state court." (Doc. No. 13 at 9.) As noted above, a defendant seeking removal of an action from state court bears the burden of establishing grounds for federal jurisdiction by a preponderance of the evidence. *Geographic Expeditions, Inc.*, 599 F.3d at 1106–07. Defendant has not met that burden here.

Plaintiff's IIED claim was based on the same conduct and allegations as his FEHA retaliation and discrimination claims. (Doc. No. 1-8 at 23–24.) Thus, for the same reasons as stated above, plaintiff's previously dismissed IIED claim would not have been preempted by § 301 of the LRMA. *See Little v. Pac. Gas & Elec. Co.*, No. 22-cv-00300-TSH, 2022 WL 612668, at *4 (N.D. Cal. Mar. 1, 2022) (finding the plaintiff's IIED claim based on same allegations of discrimination and retaliation under the FEHA was not preempted by § 301 of the LMRA).

3. Remaining Claims

In its notice of removal, defendant argued that this court had supplemental jurisdiction over plaintiff's remaining claims. (Doc. No. 1 at ¶ 16.) However, because defendant has not proven that any of plaintiff's claims are preempted by the LMRA, this court lacks subject matter jurisdiction over this action and cannot exercise supplemental jurisdiction over any of plaintiff's remaining state law claims. *See Moore v. Aramark Unif. Servs., LLC*, No. 17-cv-06288-JST, 2018 WL 701258, at *5 (N.D. Cal. Feb. 5, 2018) ("Because the LMRA does not preempt any of Plaintiff's claims, this Court lacks subject matter jurisdiction over these claims and cannot exercise supplemental jurisdiction.").

In sum, defendant has failed to show by a preponderance of the evidence that any of plaintiff's claims trigger preemption under *Burnside*. Federal jurisdiction must be rejected when there is any doubt as to the right of removal. *See Matheson*, 319 F.3d at 1090. Such doubt

/////

/////

/////

/////

clearly exists here. Accordingly, this case must be remanded to the Sacramento County Superior Court.[6]

**CONCLUSION**

For the reasons explained above:

1. Defendant's request for judicial notice (Doc. No. 14) is denied as unnecessary;

2. Plaintiff's motion to remand (Doc. No. 9) is granted;

3. This action is remanded to the Sacramento County Superior Court due to this court's lack of subject matter jurisdiction; and

4. The Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

Dated:  **December 6, 2023**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

---

[6] Defendant also contends that the court should deny the motion to remand because plaintiff failed to comply with the meet and confer requirement set forth in the court's standing order. (Doc. No. 13 at 8.) In his reply, plaintiff argues that his counsel did meet and confer with defendant's counsel. (Doc. No. 22 at 2.) However, irrespective of whether such a meeting occurred, plaintiff's counsel did not adhere to this court's standing order, which specified that "[a] notice of motion shall contain a certification by counsel filing the motion that meet and confer efforts have been exhausted, with a very brief summary of meet and confer efforts." (Doc. No. 5-1 at 2.) Nonetheless, the court is not persuaded that it should exercise its discretion to deny the pending motion to remand on that basis. *See Tri–Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012) (noting that the decision to deny a motion for failure to comply with local rules is within the district court's discretion).